**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ARMSTRONG KNIGHT**                                                    **PETITIONER**

**VERSUS**                                       **CIVIL ACTION NO. 1:06cv1112-LG-JMR**

**PRESTON GOFF**                                                       **RESPONDENT**

## REPORT AND RECOMMENDATION

This cause comes before the Court on the Respondent's Motion [18-1] to Dismiss for Failure to Exhaust.  Petitioner filed a Response [20-1] in Opposition to Respondent's Motion to Dismiss. Having considered the Respondent's Motion  [18-1] to Dismiss, Petitioner's Response [20-1] in Opposition, along with the entire record and the applicable law, this Court finds that Respondent's Motion [18-1] is well taken and should be granted.  Accordingly, Petitioner's petition in the above-captioned action should be dismissed without prejudice.

## FACTS

Armstrong Knight ("Knight") pled guilty to manslaughter, two counts of firearm possession by a convicted felon, and carrying a concealed weapon following a felony conviction in the First Judicial District of the Circuit Court of Harrison County. On December 3, 2003, Knight was sentenced to a total of thirty (30) years to be served in the custody of the Mississippi Department of Corrections. *See* Order, attached as Exhibit "A" to Respondent's Motion [18-1].  Knight did not file a direct appeal challenging his sentence.  On November 29, 2004, Knight filed a Motion for Post-Conviction Collateral Relief in the Harrison County Circuit Court. *See* Case History Listing, attached as Exhibit "B" to Respondent's Motion [18-1].  Knight's Motion was denied by the Harrison County Circuit Court on January 4, 2006. *See* Order, attached as Exhibit "C" to Respondent's Motion [18-1].

On January 25, 2006, Knight appealed the denial of his post-conviction motion to the Mississippi Supreme Court. *See* General Docket, attached as Exhibit "D" to Respondent's Motion [18-1]. The Mississippi Court of Appeals affirmed the denial of Knight's post-conviction relief. *See Knight v. State*, -So.2d-, 2006 WL 3071992 (Miss. Ct. App. October 31, 2006), attached as Exhibit "E" to Respondent's Motion [18-1].

Knight filed the instant petition on November 7, 2006, raising several grounds for habeas relief. However, the Mississippi Supreme Court's appellate docket reflects that Knight has a Motion for Rehearing pending in Cause No. 2006-CP-00165-COA. *See* General Docket, attached as Exhibit "D" to Respondent's Motion [18-1].

## STANDARD OF REVIEW

Knight's current Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B)(I) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> ©) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Appellants seeking federal habeas relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the

exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner, and provide the high state court with a fair opportunity to pass on the claims. *Nobles v. Johnson*, 127, F.3d 409, 420 (5th Cir. 1997); *Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review a petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. Such a failure to exhaust clearly warrants dismissal of the federal petition pursuant to 28 U.S.C. §2254(b)(1) and (c).

## ANALYSIS

In the case before the Court, Respondent submits that due to Knight's pending Motion for Rehearing in the Mississippi Supreme Court, Knight's state court remedies are not exhausted. This court has discretion to stay a habeas petition to allow a petitioner to present his unexhausted claims to the state court and later return to federal court for review of his perfected petition. *Rhines v. Weber*, 125 S.Ct. 1528, 1532-36 (2005). Although the AEDPA does not deprive district courts of the authority to issue stays, it does circumscribe their discretion to do so. *Rhines,* 125 S.Ct. at 1534. A court's discretion in issuing a stay must be compatible with the AEDPA's purposes  which includes the reduction of delays in the execution of state and federal criminal sentences. *Id*. Thus, a "stay and abeyance should be available only in limited circumstances" *Id*. at 1535. According to the Court in *Rhines*, a stay and abeyance is only appropriate when "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in the state court." *Id*.

Moreover, even if a petitioner makes a showing of good cause, a district court would abuse its discretion if it were to grant a stay when a petitioner's "unexhausted claims are plainly meritless." *Id*. On the other hand, it would be an abuse of discretion if a district court denied a stay and dismissed a petition if the petitioner had good cause for his failure to exhaust, his unexhausted

claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics *Id.* at 1531.   Respondent's submit, and this Court finds, that such limited circumstances do not exist in the instant case and Knight fails to show good cause as to why his claims were not properly exhausted.  However, Knight is entitled to statutory tolling under 28 U.S.C. § 2244(d) while his post-conviction motion is pending before the state court.[1]  Thus, Knight's ability to file a properly exhausted federal habeas petition will not be jeopardized by this Court dismissing the instant petition for failure to exhaust.  However, the Court strongly cautions Knight that once his state court remedies are exhausted, the time limitation clock will resume ticking on the very limited amount of time available to him in which to file a subsequent federal habeas petition.[2]

## **CONCLUSION**

This Court finds that Knight's Petition for Writ of Habeas Corpus [1-1] should be dismissed without prejudice.  Only after the Mississippi appellate courts have had an opportunity to properly review Knight's post-conviction motion, will his petition satisfy the exhaustion requirement of 28 U.S.C. § 2254.  Therefore, this Court finds that the instant 28 U.S.C. § 2254 habeas corpus application should be dismissed for Knight's failure to meet the exhaustion requirement.   In accordance with the rules, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further

---

[1]  28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

[2]The filing of the instant federal habeas petition does not toll the one year statute of limitations period imposed by 28 U.S.C. § 2244(d)(1). *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 2129 (2001); *see also Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999).

evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal, unobjected to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the __3rd__ day of May, 2007.

_____s/ John M. Roper, Sr._____
CHIEF UNITED STATES MAGISTRATE JUDGE